UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

IN RE:

THOMAS E. UTHE
JODIE L. UTHE,

    Debtors.

CHAPTER 13
BANKRUPTCY NO. 23-00142-lmj13

OBJECTIONS TO MOTION TO CONVERT
CASE TO CHAPTER 12

COMES NOW the Chapter 13 trustee and objects to the Motion to Convert ("Motion"), filed by debtor on August 14, 2023 (doc #70), as follows:

1. According to information provided to the trustee, debtors do not qualify to be Chapter 12 debtors.

2. Chapter 12 of the Bankruptcy Code is titled, Adjustment of Debts of a Family Farmer or Fisherman with Regular Annual Income.

3. Section 109 of the Bankruptcy Code defines who may be a debtor under each Chapter. 11 USC §109(f) states that,

> Only a <u>family farmer</u> or family fisherman <u>with regular annual income</u> may be a debtor under chapter 12 of this title. (Emphasis added)

4. The definition of "family farmer" in 11 USC §101(18)(A) begins as follows:

> Individual or individual and spouse <u>engaged in a farming operation</u>…. (Emphasis added)

5. More crucially to individuals, §101(18)(A) continues:

> …and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for --
>   (i)   the taxable year preceding; or
>   (ii)  each of the 2d and 3d taxable years preceding;
> the taxable year in which the case concerning such individual or such individual and spouse was filed….

6. The term "farming operation" is defined in 11 USC §101(21) as including:

> farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state.

7. The term "family farmer with regular annual income" is defined in 11 USC §101(19) as:

> family farmer whose annual income is <u>sufficiently stable and regular to enable such family farmer to make payments under a plan under chapter 12 of this title</u>. (Emphasis added)

8. The trustee has reviewed copies of 2022, 2021 and 2020 Federal income tax returns filed by debtors. In none of these documents is there a Schedule F showing income and expenses of a farming operation. The only gross income listed on these returns is from Mrs. Uthe's off-farm job.

9. Amended Schedule I of the Chapter 13 petition (doc #46) indicates that Mr. Uthe is unemployed and shows Mr. Uthe's sole income is from Social Security each month. Mrs. Uthe's income is from a job. There does not appear to be any gross income from a farming operation.

10. Statement of Financial Affairs (doc #27) states that debtors had no business or connection to a business in the 4 years before filing the Chapter 13 petition.

WHEREFORE, the trustee does not recommend that the case be allowed to convert to one under Chapter 12 of the Bankruptcy Code because debtors do not qualify as family farmers.

    /s/ Carol F. Dunbar
Carol F. Dunbar, #AT0002211
Chapter 13 Trustee
2616 Orchard Drive, Suite B
Cedar Falls, IA 50613
Telephone (319) 260-2282
ssteffen@iowachapter13.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the following persons at the address indicated:

| | | |
|---|---|---|
| Mary R. Jensen | Robb D. Goedicke | Thomas E. Uthe |
| Acting United States Trustee | Attorney at Law | Jodie L. Uthe |
| 210 Walnut Street, Room 793 | 2600 Vine Street, Suite 300 | 23091 510th Lane |
| Des Moines, IA 50309 | West Des Moines, IA 50265 | Chariton, IA 50049 |

by electronic mail through the Court's CM/ECF system, or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Service depository in Cedar Falls, Iowa. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2023.

    /s/ Carol F. Dunbar